UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JONATHAN ANIM, A 089-437-035    )
            Petitioner,    )
                         )
    v.                   )   CIVIL ACTION NO. 11-10017-JLT
                         )
JOSEPH D. McDONALD, ET AL.,    )
            Respondents.    )

MEMORANDUM AND ORDER

TAURO, D.J.

Now before this Court are Respondent's Motion to Dismiss (Docket No. 8), Petitioner's Opposition (Docket No. 12), and two recent Status Reports filed by the parties (Docket Nos. 15 and 16).

Upon review of all of the pleadings and prior Orders, this Court finds that Petitioner Jonathan Anim ("Anim") has not shown sufficiently that he has a cognizable habeas claim under Zadvydas v. Davis, 533 U.S. 678 (2001), for unlawful continued detention pending removal.

Respondent has contended that Anim has not cooperated in his removal, and thus his continued detention pending removal is not unlawful.  Initially, Anim was scheduled for removal to Ghana on February 22, 2011.  The Respondent alleges that as part of the removal process, he was removed from his cell for travel processing.  At that time, Anim denied his real identity was Jonathan Anim, and threatened Immigration and Customs Enforcement ("ICE") escort officials with physical resistance should they continue their efforts to remove him.  As a result, ICE's safety concerns for the officers as well as the commercial airlines'

staff and passengers caused ICE to suspend the removal. Thereafter, ICE again attempted to remove Anim on April 25, 2011, but was unable to do so because Anim refused to cooperate in his removal.

Anim asserts in his Opposition to the Motion to Dismiss (Docket No. 12) that the allegation that he threatened ICE escort officials, or physically resisted removal, simply is not true. He further contends, however, that the travel documents issued by the Ghana Consulate were invalid. In his Status Report (Docket No. 15), Anim reasserts his allegation that he did not fail to cooperate with ICE officers during the attempted removal on April 25, 2011, and that he made no threats to ICE officers.

Despite Anim's assertions, it is clear that Anim does, in fact, contest his final order of removal by claiming it is invalid and that ICE cannot legally remove him. He admits he made statements to ICE officers to this effect during the attempted removal. He states that he attempted to explain his position that the final order of removal was invalid because his petition for adjustment of status based on his marriage to a United States citizen was improperly denied, and second, the travel documents were invalid because he is not a Ghanaian citizen.[1]

_____

[1]This Court notes that on May 17, 2011, Anim's Motion to Amend Petition to assert he was not born in Ghana nor was a citizen of Ghana was denied by Electronic Order, on the ground that such amendment would be futile since the issue of nationality Anim was attempting to raise was a matter challenging the validity of his final order of removal, and thus was not

Anim's pleadings are insufficient to persuade this Court
that he has not, in some fashion, thwarted his own removal,
notwithstanding that he may not have used threats or physical
resistence against ICE officers.  Of significance to this issue
is the fact that ICE twice attempted to remove Anim without
success.  Also of significance is the Affidavit of Immaculata
Guarna-Armstrong, an Assistant Field Office Director responsible
for managing and monitoring the scheduling and removal of certain
aliens from ICE custody, attached to Respondent's Status Report.
<u>See</u> Affidavit, Exhibit (Docket No. 16-1).  The Affidavit
indicates that Anim stated to ICE Officers that "I am not going
back to Ghana" asserting that "he is from Sierra Leone and not
Ghana, but at the same time admitting that he entered the United
States on a Ghanaian passport."  <u>Id.</u> at ¶ 5.  The Affidavit also
indicates that based on the refusal of Anim to cooperate, the
related risk of injury to ICE officers, and the "clear
inadvisability of attempting to physically transport such a

---

germane to the instant <u>Zadvydas</u> claim of indefinite detention
pending removal.  Nevertheless, this Court noted that Respondent
argued that Anim's statement denying Ghanaian citizenship was
belied by his original habeas petition stating he was a native
and citizen of Ghana.  <u>See</u> Petition (Docket No. 1 at 2).
Additionally, this Court noted that Anim submitted as an exhibit
his I-485 application for adjustment of status in connection with
his May 4, 2011 petition for writ of mandamus, Civil Action No.
1:11-10877-JLT.  That exhibit, signed under the penalties of
perjury by Anim, also indicated that he was born in Ghana and is
a citizen of Ghana.  While this Court has declined to engage in
fact-finding in this matter because it might run afoul of the
REAL ID Act, the Court considers these discrepancies by Anim as
undermining his credibility with respect to the question of his
cooperation with ICE officials.

noncompliant deportee on an international commercial passenger flight, ICE was forced to abort the scheduled removal effort on April 25, 2011." Id. at ¶ 6. In light of this, the Court cannot find that Anim's actions did not toll the removal period. See Powell v. Ashcroft, et al., 194 F. Supp. 2d 209 (E.D.N.Y. 2002)("if an alien acts to frustrate [ICE's] ability to remove him, the removal period is tolled during the period of the alien's actions" under 8 U.S.C. § 1231(a)(1)(C)).[2]

Next, Anim's continued claims of an invalid removal order cannot form the basis of a Zadvydas claim because, as noted previously, this Court lacks jurisdiction under the REAL ID Act to consider arguments as to the validity of the final order of removal. Further, Anim's claims that he has petitioned for an adjustment of status based on his marriage to a United States citizen is also not properly before this Court as a basis for habeas relief because it would require this Court to impermissibly question the validity of the final order of

---

[2]"It is well established that Zadvydas does not apply where a detainee who holds the keys to his freedom thwarts his removal by lying or refusing to cooperate with ICE." Akinsehinwa v. Donate, 2008 WL 22951072, *4 (M.D. Pa. 2008) citing 8 U.S.C. § 1231(a)(1)(C); Kovalev v. Ashcroft, 71 F. App'x 919, 924 (3d Cir. 2003); and Pelich v. I.N.S., 329 F.3d 1057, 1061 (9th Cir. 2003). See Agbanyo v. Cabral, 518 F. Supp. 2d 326 (D. Mass. 2007); Hydara v. Gonzales, 2007 WL 2409664 (D. Minn. 2007) (discussing the meaning of "cooperation."). See also Gansah v. Gonzales, 2008 WL 474314 (E.D. Cal. 2008)(where ICE began the removal process of petitioner to Nigeria, but petitioner claimed citizenship of Ghana despite having a passport from Nigeria, that fact, along with other actions, demonstrated that petitioner failed to cooperate with his removal); Abdel-Muhti v. Ashcroft, 314 F. Supp. 2d 418, 427 n.6 (M.D. Pa. 2004).

removal, in violation of the REAL ID Act.[3]

Finally, Respondent's Status Report (Docket No. 16) represents that, because of Anim's failure to cooperate in his removal, the prior travel documents had expired and new travel documents are necessary; but it is expected that these new travel documents will be obtained by ICE within the next six weeks. In light of this representation, this Court cannot find that Anim's removal cannot be effected in the reasonably foreseeable future, unless Anim fails to cooperate in ICE's further removal efforts.

Accordingly, based on the foregoing, the Respondent's Motion to Dismiss (Docket No. 8) is ALLOWED and this habeas petition is DISMISSED without prejudice because his present detention is not unlawful. In the event that Anim cooperates with ICE and removal is still not effected within the near future, he may file another habeas petition challenging his indefinite detention.


SO ORDERED.

                              /s/ Joseph L. Tauro
                              JOSEPH L. TAURO
                              UNITED STATES DISTRICT JUDGE
DATED: July 13, 2011


_____

[3]The Respondent's Status Report (Docket No. 16) indicates that Anim sought to adjust his status in his removal proceedings with the immigration court, but his request was denied. His appeal to reopen immigration proceedings was unsuccessful because on May 24, 2011, the Board of Immigration Appeals affirmed the immigration judge's ruling.